## SAPERY v. UNITED AMERICAN METALS CORPORATION et al.

No. 593.

District Court, E. D. New York.

Jan. 25, 1940.

Bachrach, Bachrach & Bisgyer, of Brooklyn, N. Y., for complainant.

Henry W. Pollock, of New York City, for defendants United American Metals Corporation, Fidelity Metal Co., Syracuse Smelting Works, Paul Young Corporation, United American Metals Corporation of

Illinois, United American Metals Corporation of California, Lazarus Muscat, and A. Hoyt Levy.

Groberg & Groberg, of Brooklyn, N. Y., for defendants Victor Metal Products Corporation and Standard Rolling Mills, Inc.

MOSCOWITZ, District Judge.

The plaintiff, who is a minority stockholder of the United American Metals Corporation, has brought this action charging various acts of misconduct on the part of the directors of the corporation.

Motions have been made by the various defendants to strike out certain paragraphs of the complaint and to separately state alleged different causes of action set forth in the complaint.

Paragraphs 28 and 29 of the complaint set forth irrelevant matter and should be stricken out.

So far as the defendants other than Victor Metals Products Corporation and Standard Rolling Mills, Inc., are concerned the various claims made against them and the various transactions set forth are in reality parts of one alleged conspiracy and therefore as to these parties there is no necessity of a separate statement.

With respect to the defendants Victor Metals Products Corporation and Standard Rolling Mills, Inc., the transactions set forth in paragraphs 57, 58 and 59 deal with matters apparently unrelated to them except for a conclusion set forth with respect to Standard Rolling Mills, Inc. at the end of paragraph 58. As to these defendants the matters set forth in these paragraphs should be set forth in separate counts.

Defendants have also moved for a bill of particulars with respect to numerous allegations of the plaintiff's complaint, contending that they are unable properly to prepare their answer until they have the information requested in their demand. Plaintiff on the other hand contends that he presently lacks the information necessary to give the defendants a full bill of particulars and has moved for permission to take the depositions of the two individual defendants and certain other persons in order to secure the information necessary to give such a bill of particulars.

Plaintiff unquestionably has sufficient information at the present time to give certain of the information requested by the defendants and he shall therefore give to the defendants such particulars as are presently within his knowledge. With respect to the particulars as to which he lacks knowledge, he shall state under oath that he lacks such knowledge. Based upon this information defendants can prepare their answers. After that the issues of the case will be reasonably defined so that more intelligent depositions can be taken. Based upon the information which the plaintiff will secure as a result of the taking of these depositions he can then supply the defendants with a full bill of particulars as requested.

Plaintiff shall therefore, as above stated, presently supply the defendants with those particulars of which he has present knowledge, supplying the balance of the particulars from time to time as he acquires knowledge thereof, but in no event later than ten (10) days after the completion of the depositions which he has requested. These particulars can be served together with the amended complaints.

The motion for permission to take the depositions of the individual defendants and the other persons is denied at this time without prejudice to the right of the plaintiff to serve a notice of such examination pursuant to Rule 26 et seq. of the Federal Rules of Civil Procedure, 28 U.S. C.A. following section 723c, after the service of defendants' answers.

Settle orders on notice.