**INTERNATIONAL TAG & SALESBOOK CO. v. AMERICAN SALESBOOK CO., Inc., et al.**

District Court, S. D. New York.

March 26, 1943.

Henry Ward Beer, of New York City, for plaintiff.

Stephen H. Philbin and William J. Barnes, both of New York City, for defendant American Salesbook Co., Inc.

Tibbetts, Lewis, Lazo & Welch, of New York City, for Shelby Salesbook Co.

Milbank, Tweed & Hope, of New York City, for defendant Baltimore Salesbook Co.

BRIGHT, District Judge.

In this case, the defendants American Salesbook Company, Inc., The Shelby Salesbook Company and Baltimore Salesbook Company move (1) to dismiss the complaint because of its failure to comply with Rule 8(a) (2), (e) (1) of the Federal Rules of Civil Practice, 28 U.S.C.A. following section 723c, in that it is not a short and plain statement of the claim and is not simple and concise, and with Rule 10 (b) in that the contents of certain paragraphs of the complaint are not limited to a single set of circumstances; or (2) under Rule 12(f) to strike certain portions as redundant, immaterial and impertinent; or (3) for a bill of particulars under Rule 12(e).

Plaintiff counters with a motion for an examination of the three defendants before issue is joined, stating that because of defendants' alleged dilatory motion, issue will be delayed and prevent plaintiff from preparing for trial, that if postponed until issue is joined, defendants will serve a notice to examine plaintiff with their answers, thereby seeking to prevent plaintiff from first examining defendants, and that the particulars sought by defendants cannot for the most part be supplied without their examination.

### Defendants' Motion Part I.

It is to be observed that the defendants do not move under Rule 12(b) (6) to dismiss the complaint because of failure to state a claim upon which relief can be granted. The motion under Rule 8(a) (2) and (e) (1) and Rule 10(b) does not go to the sufficiency of the complaint and failure to comply with those rules would not be grounds for a dismissal in my opinion. The complaint could very well state a cause of action and still conflict with the requirements of those rules. Provision is made for non-compliance by Rule 12(e) and (f), which relief is sought by the second part of defendants' motion. In view, therefore, of the fact that the sufficiency of the complaint is not challenged, this part of the motion is denied.

### Part II

Rule 12(f) permits a motion to be made within twenty days after service of a pleading to strike from a pleading redundant, immaterial, impertinent or scandalous matter. The complaint here is filed under the Sherman Act, 15 U.S.C.A. §§ 1–7, and the Clayton Act, 15 U.S.C.A. §§ 12–27, to recover three-fold damages. It consists of thirty-six pages of typewritten matter, and, in my opinion, does offend the requirements of the Federal Rules of Civil Practice above cited under Part I. The first ten paragraphs allege the incorporation and business of the plaintiff and corporate defendants in the manufacture and sale of salesbooks, manifold books and printed stationery, and the engagement therein of the individual defendants; paragraphs 11 through 13 the nature of the business, its interstate character and volume, and plaintiff's engagement therein since 1930; and paragraph 14 the alleged cooperation by the defendants Specialty Accounting Supply Manufacturers' Association (called "the illegal combine") and its president as co-conspirators with the corporate defendants and some of their officers in carrying out certain acts in interstate commerce claimed to be unlawful.

Paragraph 15 through 17 and 25 (c) describe allegedly illegal practices of the moving defendants prior to plaintiff's entry into the business of manufacturing and selling salesbooks, manifold books and printed stationery. Section 15 of Title 15 U.S.C.A. permits a suit of this kind by "any person who shall be injured in his business or property by reason of anything forbidden in the antitrust laws." Certainly actions and proceedings of the defendants prior to the time when plaintiff began its competing business can hardly be said to injure plaintiff. These allegations will, therefore, be stricken. Paragraph 20 does not allege anything to the damage of the plaintiff and should also be stricken.

Paragraphs 23, 24 and 25(t) allege proceedings before the Federal Trade Commission against the moving defendants and others, the nature of the complaint there made, and the final disposition thereof by a consent decree. Section 16 of Title 15 U.S.C.A. provides:

"A final judgment or decree rendered in any criminal prosecution or in any suit or

proceeding in equity brought by or on behalf of the United States under the antitrust laws to the effect that a defendant has violated said laws shall be prima facie evidence against such defendant in any suit or proceeding brought by any other party against such defendant under said laws as to all matters respecting which said judgment or decree would be an estoppel as between the parties thereto: Provided, This section shall not apply to consent judgments or decrees entered before any testimony has been taken."

Assuming that a proceeding before the Federal Trade Commission comes within the purview of this section, which I doubt, proof of the allegations contained in these paragraphs would not be admissible and the allegations should, therefore, be stricken. Proper v. John Bene & Sons, D.C., 295 F. 729–732.

The allegations in 25(e), (f), (j), (k), (m), (n) and (s) are all practices claimed to have been indulged in by and among the moving defendants or in matters not in competition with the plaintiff. There is no allegation that they in any way involve the plaintiff or were to its damage or injury. They should, therefore, be stricken.

■ I think it is important on motions of this kind to consider the fact that the plaintiff will seek an examination of the defendants before trial, as plaintiff is doing now. Upon such an examination under the Rules, it would be entitled to take depositions upon matters relevant to the issues. It might be contended that relevant subjects are those found in the allegations in the complaint. It seems proper to me, therefore, that where there are obviously allegations which come within the condemnation of Rule 12(f) they should be stricken.

An order will, therefore, be made striking out the allegations of the complaint alleged in paragraph 15, 16, 17, 20, 23, 24, and subdivisions (c), (e), (f), (j), (k), (m), (n), (s) and (t) of paragraph 25.

### Part III.

■ A more definite statement or bill of particulars will not be granted under Rule 12(e) unless the allegations sought to be particularized are "not averred with sufficient definiteness or particularity to enable" the defendants properly to prepare their responsive pleading. Some of the allegations sought to be particularized have, as stated above, been stricken out.

■ The following particulars will be granted to the moving defendants:

1. As to paragraphs 21(e) and 25(d) state whether it is claimed the agreements therein alleged were oral or written or partly one or the other, and the dates when made and the parties thereto so as to enable the moving defendants to identify each thereof.

2. As to paragraphs 14, 21 and 25(b), (d), (g) and (h) specify the period of time during which each of the acts of activities alleged therein are claimed to have been performed by each moving defendant.

3. Identify the persons or concerns referred to in paragraph 21(c) as any other independent; in 21(d) as bogus or alleged independent companies; in 21(e) as bogus independents; in 21(f) as purchasers; in 21(g) as plaintiff's customers; in 25(b) as another manufacturer of salesbooks and manifold books not a member of the illegal combine; and in 25 second paragraph (q) as other members.

In other respects, the defendants' motion for a bill of particulars is denied.

### As to Plaintiff's Motion for an Examination Before Trial.

■ This motion of the plaintiff is denied at this time but without prejudice, except as it may be necessary to be conducted in order that plaintiff may furnish the bill of particulars hereinbefore directed. A general examination should not be indulged in before issue is joined as it cannot at this time be determined what particular matters will be at issue. After service of the answers by the respective defendants, plaintiff may have such an examination pursuant to Rule 26.

It may be that plaintiff will desire to serve an amended complaint in which may

be inserted the particulars directed to be given and in which there may be some changes necessary because of the striking out of portions of the present complaint. If it so desires, it may have leave to serve such amended complaint within twenty days after the entry of the order upon this motion. If an amended complaint is not served, the defendants shall have twenty days after the entry of the order in which to answer the present complaint. The bill of particulars ordered shall be served within twenty days after the entry of such order; or if an examination is conducted by the plaintiff for the purpose of preparing the bill of particulars, such bill shall be served within ten days after the termination of such examination, which shall be conducted diligently and concluded promptly.