Hannah BUCHHOLTZ, Samuel Beloff, Samuel Wulwick, Philip Wulwick, Louis G. Wulwick, Florence Wulwick, Norman Wulwick, Faye Cottesfield, Ansi Charchat, Bernard Nemhouser, Harold Weitz, Frank Filetti, Frank Moratta, Gene A. Cass, Leo Goodfriend, Charles Sheldon, Phyllis Berens, Murray Levine, Plaintiffs

v.

Lester G. RENARD, William W. Luman, James L. Garrity, George C. Alpauch, Henry Fullop, Nettie W. Kramer, Roycan Co., Herzog Co., Manuel D. Guzman Polanco, Geraud Bibo, Sylvia Berman, Samuel B. Ratoff, Selma H. Ratoff, Benjamin H. Lapin, Harris C. Lapin, Ada Lapin, Nancy Lapin, Sidney Orsek, Leon Entin, Frances Maloni, Gertrude Moskowitz, Ethel Jarozenski, Hilda Fink, Minnie Spawn, Clara Ladenheim, Joseph A. Lederer, Anne L. Renard, Philip Bateser, Henry G. Lubin, Stillman Elfield, David R. Weisner, C. Law McCabe, Jeanette Weisman, Marilyn Weisman, Herman L. Weisman, Edward Weisman, Robert D. Weisman, Caroline Johann, Carle Erbe, Oscar L. Hausner, Consolidated Enterprises, Ltd., A. K. Swann, The National Company, Ltd., and Universal Mineral Resources, Inc., Defendants.

United States District Court
S. D. New York.
Sept. 20, 1960.

889

Martin Horwitz, New York City, for plaintiffs.

Arthur Richenthal, New York City, for defendants, Lester O. Renard, William W. Luman, Nettie W. Kramer, Her-

man L. Weisman and Universal Mineral Resources, Inc.

CASHIN, District Judge.

In this case the defendants move—

(1) to dismiss the amended complaint pursuant to Rule 8(e) of the Federal Rules of Civil Procedure, 28 U.S.C.A., on the ground that it is not simple, concise and direct and that each claim is not set forth in a separate count; or

(2) to dismiss the first cause of action pursuant to Rule 12(b) (6) for failure to state a claim upon which relief can be granted; or

(3) pursuant to Rule 12(e) for a more definite statement as to the date when certain plaintiffs received delivery of the stock of Universal Mineral Resources, Inc.; and

(4) and (5) to dismiss pursuant to Rule 12(b) (6) the second and third causes of action for failure to state a claim upon which relief can be granted; or

(6) pursuant to Rule 12(f) to strike certain allegedly redundant, immaterial, impertinent and scandalous matters in the amended complaint.

Generally, this court does not write long and extended opinions on motions of this type. However, in this case defendants' motion is in reality six separate motions and in order to fully answer each one it is necessary to discuss them at some length.

This action is brought by various stockholders of Universal Mineral Resources, Inc., a New York corporation, against said corporation, The National Company, Ltd., a Panama corporation, three other corporate defendants and various officers, directors and stockholders thereof. The amended complaint, which contains forty-three numbered paragraphs and covers sixteen typewritten pages, alleges that defendants conspired to sell unregistered securities to the public in violation of §§ 5(a), 5(c), 12(1), 12(2) and 17(a) of the Securities Act of 1933, 15 U.S.C.A. § 77a et seq., and § 10(b) of the Securities Exchange Act of 1934, 15 U.S.C.A. § 78a et seq.

The first part of defendants' motion is to dismiss the amended complaint under Rule 8(e) of the Federal Rules of Civil Procedure because it is not simple, direct and concise and each claim is not set forth in a separate count. Defendants contend that, because plaintiffs' first and third causes of action assert claims under more than one section of the Securities Act of 1933 and Securities Exchange Act of 1934, each claim is not set forth in a separate count. I do not think there is any merit in defendants' position nor have they cited any precedent for it. Many of the sections of these acts have little independent effect but depend on other sections for their full meaning. Moreover, the motion under Rule 8(e) does not go to the sufficiency of the complaint and noncompliance with this rule would not be grounds for dismissal. As was said in International Tag & S. Co. v. American Salesbook Co., D.C.S.D.N.Y.1943, 6 F.R.D. 45, 47.—

"* * * The complaint could very well state a cause of action and still conflict with the requirements of those rules. * * *"

The first part of defendants' motion is denied.

Plaintiffs' first cause of action alleges a violation of §§ 5(a), 5(c) and 12(1) of the Securities Act of 1933 (15 U.S.C.A. 77e(a) and (c), 77l).[1]

---

1. 77e "(a) Unless a registration statement is in effect as to a security, it shall be unlawful for any person, directly or indirectly—

"(1) to make use of any means or instruments of transportations or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise; or

"(2) to carry or cause to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale.

* * * * *

"(c) It shall be unlawful for any person, directly or indirectly, to make use of any means or instruments of transportation or communication in interstate

Defendants' motion to dismiss the first cause of action under Rule 12(b) (6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted is based upon three claims:

(1) That the first cause of action does not identify the particular person from whom the plaintiffs purchased their respective shares of stock;

(2) There has been no offer of rescission and a tender of the stock purchased by the plaintiffs;

(3) Those plaintiffs who purchased their stock prior to February 10, 1959 are barred from recovery by the one-year statute of limitations.

Taking defendants' claims in order, it appears that plaintiffs in their amended complaint have alleged in paragraph Twenty-Eighth that—

"* * * the defendants caused the placement of the stock of Universal with various brokers and other nominees for resale to the public. The defendant Roycan was one such nominee. At all times, said Roycan was completely controlled by and was the alter ego of Universal and the individual defendants. Through Roycan, the individual defendants distributed hundreds of thousands of shares of Universal stock to the public. * * *"

and in paragraph Thirty-Second that—

"* * * * The particular defendants who sold stock to particular plaintiffs are not at this time known by the plaintiffs because of the * * deliberate acts of the defendants in concealing the identity and names of such persons. * * * The names of said individuals are known to the defendant Renard, but he has refused to and continues to refuse to disclose same. * * *"

Defendants' position appears to be that since the exact defendants from whom plaintiffs purchased the stock are not alleged, then plaintiffs' cause of action against defendants must be dismissed. Defendants contend that plaintiffs' remedy is against the broker who sold them the stock. I do not agree with defendants' position. Under the reasoning of the defendants the broker-agent would be liable and not the principals. It cannot be seriously contended that because defendants managed to conceal their identity from plaintiffs by using brokers and other nominees that they, the defendants, are not liable for stock they sold to plaintiffs.

Defendants further claim that there has been no tender of the securities still held by the plaintiffs as is required by § 12(1) of the Securities Act of 1933. Plaintiffs have stated that they have not

commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under section 77h of this title."

77l. "Any person who—

"(1) offers or sells a security in violation of section 77e of this title, or

"(2) offers or sells a security (whether or not exempted by the provisions of section 77c of this title, other than paragraph (2) of subsection (a) of section 77c of this title), by the use of any means or instruments of transportation or communication in interstate commerce or of the mails, by means of a prospectus

or oral communication, which includes an untrue statement of a material fact or omits to state a material fact necessary in order to make the statements, in the light of the circumstances under which they were made, not misleading (the purchaser not knowing of such untruth or omission), and who shall not sustain the burden of proof that he did not know, and in the exercise of reasonable care could not have known, of such untruth or omission,

shall be liable to the person purchasing such security from him, who may sue either at law or in equity in any court of competent jurisdiction, to recover the consideration paid for such security with interest thereon, less the amount of any income received thereon, upon the tender of such security, or for damages if he no longer owns the security."

tendered the securities because they did not know to whom to make the tender. Section 12 of the Securities Act of 1933 does not say when tender should be made. Stadia Oil & Uranium Company v. Wheelis, 10 Cir., 1957, 251 F.2d 269, 273. In the above case the trial court permitted tender to be made with motions for leave to file amended complaints. Thus, since tender to the defendants is impossible because the exact defendants are unknown to plaintiffs, and since there is no exact time set by the statute for tender, defendants' motion is denied.

■ Defendants further claim that certain of the plaintiffs are barred from maintaining this suit because of the one year statute of limitations provided for by § 13 of the Securities Act of 1933 (15 U.S.C.A. § 77m).[2]

Thus defendants claim that plaintiffs have one year from the date of purchase of the stocks to bring this action. This action was commenced on February 10, 1960 when the original complaint was filed in this court. Rule 3 of the Federal Rules of Civil Procedure. However, § 5 of the Securities Act of 1933, 15 U.S.C.A. § 77e, states in part that unless a registration statement is in effect as to a security it shall be unlawful " * * * to carry or cause to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale." Thus, the statute specifically makes "delivery after sale" unlawful and where there is such a delivery the statute of limitations would not begin to run until the date of such delivery. The Thirty-Fourth paragraph of the amended complaint states that—

"This action has been commenced less than one year after the defendants violated Sections 12(1), 5(a) and 5(c) of the Securities Act of 1933."

Thus, plaintiffs have averred compliance with the statute of limitations and defendants' motion must be denied at this time.

■ However, defendants have asked, in part three of their motion, for a more definite statement as to the dates when various plaintiffs received delivery of the stock of defendant Universal Mineral Resources, Inc., allegedly purchased by the plaintiffs. Defendants are entitled to this and the motion for a more definite statement as to the date or dates when the plaintiffs, Beloff, Louis G. Wulwick, Florence Wulwick, Charchat, Weitz, Filetti, Buchholtz, Samuel Wulwick, Philip Wulwick, Norman Wulwick and Gottesfield, or their agents, received delivery of said stock, is granted.

■ Plaintiffs' second cause of action, which defendants move to dismiss under Rule 12(b) (6) of the Federal Rules of Civil Procedure, is based on § 12(2) of the Securities Act of 1933, 15 U.S.C.A. § 77l (2). See footnote 1, supra. Defendants' position is that this second cause of action should be dismissed because of lack of privity, lack of tender of the stock, and because there has been no prospectus or oral communication upon which to base this claim. The claims of lack of privity and tender have been discussed above, and that discussion is applicable here. Section 2(10) of the Securities Act of 1933, 15 U.S.C.A. § 77b(10), defines a prospectus as "any prospectus, notice, circular, advertisement, letter, or communication, written or by radio or

2. "No action shall be maintained to enforce any liability created under section 77k or section 77l(2) of this title unless brought within one year after the discovery of the untrue statement or the omission, or after such discovery should have been made by the exercise of reasonable diligence, or, if the action is to enforce a liability created under section 77l(1) of this title, unless brought within one year after the violation upon which it is based. In no event shall any such action be brought to enforce a liability created under section 77k or section 77l(1) of this title more than three years after the security was bona fide offered to the public, or under section 77l(2) of this title more than three years after the sale."

television, which offers any security for sale or confirms the sale of any security." Plaintiffs claim that a certain news release, a newspaper article, a public relations report for financial institutions and a balance sheet prepared in connection with the merger of Universal and National which took place in February 1958 constitute a prospectus or prospectuses. Defendants claim that these articles do not offer any security for sale or confirm the sale of any security. I do not think that this issue should be decided by this motion. The answer might depend upon various facts, such as in what manner, if at all, defendants used the above materials. Consequently, the plaintiffs' second cause of action will not be dismissed at this time.

Defendants also move that plaintiffs' third cause of action under § 17(a) of the Securities Act of 1933, 15 U.S.C.A. § 77q (a)[3] and § 10(b) of the Securities Exchange Act of 1934, 15 U.S.C.A. § 78j (b),[4] be dismissed for failure to state a claim upon which relief can be granted. Section 10(b) of the Securities Exchange Act of 1934 does not of itself make any specific conduct unlawful but confers up-

on the Securities and Exchange Commission the rule making power to condemn deceptive practices in the sale or purchase of securities. Rule X–10–B–5, 17 C.P.R. § 240.10b–5[5] implements this section.

The ground upon which defendants base their motion is, once again, lack of privity. This was discussed above but defendants rely on two cases, Holmberg v. Williamson, D.C.S.D.N.Y.1955, 135 F. Supp. 493 and Joseph v. Farnsworth Radio & Television Corp., D.C.S.D.N.Y. 1951, 99 F.Supp. 701, 706, affirmed 2 Cir., 1952, 198 F.2d 883, for their contention that the privity alleged by plaintiffs in this cause of action is not sufficient. In my opinion neither case is in point. In Holmberg v. Williamson, supra, Judge Dawson dismissed the complaint because it did not allege whether there was a sale of a security or an investment in a joint enterprise. Section 17 of the Securities Act of 1933 and Rule X–10–B–5 provide for a cause of action against a person who offers or sells a security. Moreover, in that case the complaint did not specify whether the sale of the fractional undivided interest in oil, gas or

---

**3.** "(a) It shall be unlawful for any person in the offer or sale of any securities by the use of any means or instruments of transportation or communication in interstate commerce or by the use of the mails, directly or indirectly—

"(1) to employ any device, scheme, or artifice to defraud, or

"(2) to obtain money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, or

"(3) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser."

**4.** "It shall be unlawful for any person, directly or indirectly, by the use of any means or instrumentality of interstate commerce or of the mails, or of any facility of any national securities exchange—

\*　　\*　　\*　　\*　　\*

"(b) To use or employ, in connection with the purchase or sale of any se-

curity registered on a national securities exchange or any security not so registered, any manipulative or deceptive device or contrivance in contravention of such rules and regulations as the Commission may prescribe as necessary or appropriate in the public interest or for the protection of investors."

**5.** "It shall be unlawful for any person, directly or indirectly, by the use of any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange,

"(a) To employ any device, scheme, or artifice to defraud.

"(b) To make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, or

"(c) To engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person,

in connection with the purchase or sale of any security."

other mineral rights was made by some or all of those who possessed such rights. In the present case all of the defendants are alleged to have sold the securities in question. The only thing that is not alleged is' the particular defendants who sold the stock to the particular plaintiffs.

In Joseph v. Farnsworth Radio & Television Corp., supra, the complaint was dismissed for lack of any "semblance of privity." There, defendants did not sell the securities in question to the plaintiffs but to third parties. In fact, the plaintiffs in that case did not make their first purchase of the stock in question until twelve days after the last sale by defendants. In the present case the amended complaint specifically alleges that "the stock purchased by the plaintiffs was owned by the defendants and was distributed and sold to the plaintiffs pursuant to and as a result of the conspiracy" entered into by defendants.

As was said in Joseph v. Farnsworth Radio & Television Corp., supra, 99 F. Supp. at page 704,

> "On motions such as these, the allegations of the complaint must be taken as true and the complaint must be construed in the light most favorable to the plaintiffs. Abel v. Munro, 2 Cir., 1940, 110 F.2d 647. * * * Nor should a complaint fall before such an assault unless it appears to a certainty that plaintiffs are entitled to no relief under any state of facts that might be proven in support of their claims. Mullen v. FitzSimons & Connell Dredge & Dock Co., 7 Cir., 1948, 172 F.2d 601, certiorari denied 337 U.S. 959, 69 S.Ct. 1534, 93 L.Ed. 1758."

Thus, in the light of these proscriptions, this part of defendants' motion is denied.

██ The final part of defendants' motion is to strike certain redundant, immaterial, impertinent and scandalous matters from the amended complaint pursuant to Rule 12(f) of the Federal Rules of Civil Procedure. With this motion defendants have annexed a copy of the amended complaint with brackets around the matter they desired stricken. Defendants' main point appears to be that § 12(1) of the Securities Act of 1933, upon which plaintiffs' first cause of action is based, imposes an absolute liability and that matter alleging misrepresentation and fraud is irrelevant. The amended complaint is set up so that the first thirty-five paragraphs compose the first cause of action. These paragraphs are then incorporated into the second and third causes of action which cover paragraphs Thirty-Six to Forty-Three. Thus what might be irrelevant as concerns the first cause of action may be relevant as concerns the second or third causes of action. "A motion to strike should be granted only when the allegations have no possible relation to the controversy. When the court is in doubt whether under any contingency the matter may raise an issue, the motion should be denied. Radtke Patents Corporation v. C. J. Tagliabue Mfg. Co. Inc., D.C., 31 F. Supp. 226." Samuel Goldwyn, Inc. v. United Artists Corporation, D.C.S.D.N. Y.1940, 35 F.Supp. 633, 637. In my opinion the matter set forth in the brackets may have a bearing on the controversy and raise an issue on the trial. This part of defendants' motion is not favored by the courts. Fleischer v. A. A. P., Inc., D.C.S.D.N.Y.1959, 180 F.Supp. 717. The courts are very cautious about disturbing the pleadings unless the allegations have no possible bearing upon the subject matter of the litigation and are prejudicial to the defendants. I think the matters alleged may have a bearing on the controversy and will not prejudice defendants.

The third part of defendants' motion is granted as indicated above.

The first, second, fourth, fifth and sixth parts of the motion are denied.

It is so ordered.