Marty AMES et al., Plaintiffs,

v.

ASSOCIATED MUSICIANS OF GREATER NEW YORK, LOCAL 802, AFM, et al., Defendants.

No. 65 Civ. 3702.

United States District Court
S. D. New York.

Feb. 14, 1968.

Godfrey P. Schmidt, New York City, for plaintiffs.

Ashe & Rifkin, New York City, for defendants.

## MEMORANDUM

FREDERICK van PELT BRYAN, District Judge:

Defendant American Federation of Musicians moves for summary judgment pursuant to Rule 56, F.R.Civ.P. on two grounds: (1) that since none of the Local 802 activities challenged in the complaint were authorized, ratified or approved by defendant Federation, there is no basis for granting any relief against the Federation as to such activities; and (2) that the regulations of defendant Federation with respect to the form "B" contract do not require plaintiffs to pay any money or thing of value to any labor organization, in violation of Section 302 of the L.M.R.A.

The highly confused and confusing complaint in this action seeks both a judgment declaring the illegality of a wide variety of activities of Local 802 and permanent injunctive relief against such activities.

The Federation urges that it has not ratified, authorized or approved any of the actions of Local 802 attacked by plaintiffs. This claim by the Federation is not free from doubt on the facts presented by the papers before me. As plaintiffs point out, many of the by-laws of Local 802 are authorized or permitted, if not mandated, by the Federation constitution. Additionally, the Federation has the power to enforce compliance with Local 802's rules against Local 802 members performing in territories controlled by other Federation locals, and against non-Local 802 Federation members performing in Local 802 territory.

Nor is it clear from the scanty papers presented on this motion that the new single club date Welfare Fund provisions have wholly escaped the vices which led

to invalidation of the old fund arrangements in Carroll v. Associated Musicians of Greater New York, 206 F.Supp. 462 (S.D.N.Y.1962). The welfare plan's characterization of group leaders such as the plaintiffs as employees rather than employers, contrary to several court decisions, see Cutler v. American Federation of Musicians, 316 F.2d 546 (2d Cir. 1963); Carroll v. American Federation of Musicians, 295 F.2d 484, 486 (2d Cir. 1961), may well be a consequence of the Federation's insistence on such characterization, as expressed, for example, in the form "B" contract.

Finally, since the issues involving the "B" contract are alleged to be intertwined with the other activities of Local 802 under attack, and since the use of the "B" contract is required by Federation by-laws, it seems inappropriate to pass separately on the "B" contract issue at this stage of the litigation.

The moving papers do not demonstrate with the degree of certainty required under Rule 56 that there are no issues of fact requiring trial or that summary judgment is appropriate on the record before me.

The motion for summary judgment is denied.

▋ Defendant Associated Musicians of Greater New York, Local 802, AFM, and defendants Harris as Chairman, etc., Hotel Association of New York City, Inc., and Gerstein and Bock, as Trustees of Local 802, Musical Engagements Welfare Fund, have each moved pursuant to Rule 12(e), F.R.C.P. for a more definite statement of the complaint before interposing their responsive pleadings.

The complaint, consisting of 125 paragraphs and 30 pages, was very properly described by Judge Levet in denying plaintiffs' motion for a preliminary injunction as follows:

"The complaint is anything but simple, concise and direct as required by Rule 8 of the Federal Rules of Civil Procedure. 'It is indeed a veritable compendium of prolixity.' See Associated Orch. Leaders of Greater Philadelphia v. Philadelphia Musical Society, 203 F.Supp. 755, 756 (E.D.Pa. 1962)." (251 F.Supp. 80, dated January 19, 1966).

This complaint does not contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Rule 8(a) (2), nor is each averment "simple, concise, and direct," Rule 8(e) (1). The contents of its numbered paragraphs are not "limited as far as practicable to a statement of a single set of circumstances", nor is each claim "founded upon a separate transaction or occurrence * * * stated in a separate count * * * whenever a separation facilitates the clear presentation of the matters set forth." Rule 10(b).

On the contrary, the complaint is a jumble of averments apparently directed at various of the defendants but not stated in separate counts. These allegations, many of which are argumentative, redundant, discursive, or conclusory, are scattered throughout the 125 paragraphs of the complaint. The various defendants cannot reasonably be required to frame responsive pleading to these allegations which will properly draw the issues between the plaintiffs and the respective defendants.

The moving defendants seek a direction that the plaintiffs file a more definite statement of the complaint, eliminating all matter which is argumentative, redundant, discursive and conclusory, and separately stating and numbering the various alleged claims for relief set forth. Very plainly the defendants are entitled to this relief before being required to serve responsive pleadings.

The motions of the defendants are therefore granted and the plaintiffs are directed to serve a complaint containing a more definite statement of their claims in compliance with the defendants' re-

quests within twenty-five (25) days from the date of this memorandum and order.

It is so ordered.