John J. CADILLAC, Plaintiff,

v.

Robert T. CADILLAC et al., Defendants.

No. 72 C 1294.

United States District Court,
E. D. New York.

March 20, 1973.

Austrian, Lance & Stewart, P. C., by Richard B. Cooper, New York City (Mark J. Kronman and David L. Fox, New York City, of counsel), for plaintiff.

Bartholomew J. Rebore, Brooklyn, N. Y., for defendants.

NEAHER, District Judge.

Defendants have moved before answer for an order dismissing the complaint for failure to comply with Rule 9(b),[1] F.R.Civ.P., requiring that all averments of fraud be stated with particularity. For the reasons which follow, defendants' motion is denied.

Plaintiff, asserting a claim individually and derivatively, brought this action against the three individual defendants who constitute the board of directors and principal officers of the three corporate defendants. Plaintiff and defendants Robert T. Cadillac and Eleanor McGarry are each holders of one-third of the stock of each corporate defendant.

The activities in controversy center around the issuance by the corporations of bonds convertible into stock. Plain-

---

1. "(b) Fraud, Mistake, Condition of the Mind. In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally."

tiff alleges that the price per share of the stock into which the bonds were convertible was far below its true value and book value per share, and that defendants Robert Cadillac and Eleanor McGarry "purchased at these arbitrary and low prices," thereby harming plaintiff and each of the corporate defendants (pars. 8, 9). According to plaintiff, in order "to conceal the fraudulent nature of said issues," plaintiff was offered the opportunity to buy the convertible bonds at the same price (par. 10). But, he claims, he "was not fully informed of the financial circumstances of the corporate defendants, was not told of the book or true value thereof and lacked means of discovering the facts . . ." (par. 11). Thus, he concludes that defendants' actions violate §§ 5, 17 of the Securities Act of 1933 ("1933 Act"), 15 U.S.C. §§ 77e, 77q and § 10(b) of the Securities Exchange Act of 1934 ("1934 Act"), 15 U.S.C. § 78j(b) and Rule 10b–5 promulgated thereunder by the Securities Exchange Commission.

■ Jurisdiction is alleged under § 22(a) of the 1933 Act, 15 U.S.C. §§ 77v(a) and § 27 of the 1934 Act, 15 U.S.C. § 78aa. In view of plaintiff's allegations that the bond offers in controversy were made by mail and in interstate commerce and the bonds were issued by mail and in interstate commerce (par. 12), jurisdiction would appear to exist under the 1934 Act. See Schine v.

Schine, 250 F.Supp. 822, 823–824 (S.D. N.Y.1966). However, although not disputed by defendants, jurisdiction under the 1933 Act seems highly doubtful. See Cary, Corporations (4th ed.), 1317–37; §§ 3(b), 4(2) of the 1933 Act, 15 U.S.C. §§ 77c(b), 77d(2).

■ Defendants, in moving to dismiss under Rule 9(b), are clearly engaging in frivolous motion practice, totally ignoring the allegations of the complaint.[2] The particularity necessary in averring fraud naturally varies with the type of fraud alleged. Thus, the extent or degree of particularization required in a complaint sounding in active fraud may be totally inappropriate in an action involving constructive fraud.

■ What is alleged here is not the ordinary variety of deceit, misrepresentation or fraud in the inducement. Rather, plaintiff charges that (1) the individual defendants purchased securities from corporations they controlled for wholly inadequate consideration, and (2) they failed to fully inform plaintiff of the financial facts when he was offered the securities. As to these types of fraud, plaintiff's complaint is specific, containing more than conclusory allegations or recitations of the federal statutes relied upon. Compare Shemtob v. Shearson, Hammill & Co., 448 F.2d 442 (2 Cir. 1971); Reiver v. Photo Motion Corp., 325 F.Supp. 214 (E.D.Pa. 1971); cf. Hirshfield v. Briskin, 447 F.

2. This became apparent even to defendants when after receipt of plaintiff's memorandum of law they abandoned their first list of omitted particulars, and submitted a second list. Thus, they first demanded the following particulars:

"(1) Each and every alleged misrepresentation of material fact made by each of the defendants,

"(2) The time, manner, and place each such alleged misrepresentation was made,

"(3) The identity of the person(s) to whom each such alleged misrepresentation was made, and

"(4) The manner in which each such alleged misrepresentation was false and

known to be false by each such defendant when made." (Defendants' Affidavit in Support of Motion, p. 2.)

This was recast as follows:

"(1) the true conversion value of the shares,

"(2) that defendants had knowledge of the true conversion value and the basis therefore, and

"(3) the specific financial information withheld from plaintiff together with the time, date and circumstances, and that plaintiff did not have and could not have obtained such information." (Defendants' Reply Affidavit, pp. 1–2.)

2d 694, 696–697 (7 Cir. 1971). And the complaint is plainly sufficient to apprise defendants as to what activities are relied upon as constituting the basis of the action. Cf. Conley v. Gibson, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); see also Austin v. House of Vision, Inc., 385 F.2d 171, 172 (7 Cir. 1967); Bound Brook Water Co. v. Jaffe, 284 F.Supp. 701, 708–709 (D.N.J.1968). Furthermore, most of the circumstances surrounding the controverted activities (including the true conversion value of the shares and the relevant financial information allegedly withheld) are not equally open to ascertainment by the parties, but are peculiarly within defendants' knowledge. Cf. Hirshfield v. Briskin, *supra* 447 F.2d at 697; Tryforos v. Icarian Development Co., S.A., 47 F.R.D. 191 (N.D.Ill.1969).

Accordingly, defendants' motion to dismiss is denied.[3]

See also, D.C., 343 F.Supp. 1131.

---

3. Since plaintiff's complaint is held to be sufficient under Rule 9(b), the court does not pass upon the question of whether dismissal would be appropriate in this case for failure to satisfy the rule.