**Frank DENNY**

v.

**Gerard V. CAREY et al.**

Civ. A. No. 76–259.

United States District Court,
E. D. Pennsylvania.

Nov. 15, 1976.

Emanuel G. Weiss, Philadelphia, Pa., Irving Bizar, Demov, Morris, Levin & Shein, New York City, for plaintiff.

Robert W. Sayre, James G. Rosenberg, Saul, Ewing, Remick & Saul, Philadelphia, Pa., for Carey, Bunting, Bodine and First Pa. Corp.

Joseph W. Swain, Jr., John W. Frazier, IV, Montgomery, McCracken, Walker & Rhoads, Philadelphia, Pa., for Peat, Marwick, Mitchell & Co.

## OPINION

JOSEPH S. LORD, III, Chief Judge.

Plaintiff brings this proposed class action on behalf of himself and other purchasers of First Pennsylvania Corporation ("First Penn") securities alleging violation of federal and state securities laws. Defendants named in the complaint are: First Penn, a large registered Pennsylvania bank holding company; Gerard V. Carey, John A. Bunting and James F. Bodine, officers and directors of First Penn; and Peat, Marwick, Mitchell & Co. ("PMM"), a public accounting firm. Defendants have not answered the complaint, but have moved to dismiss pursuant to Fed.R. Civ.P. 12(b)(6) on the ground that plaintiff's allegations fail to state the circumstances constituting the alleged fraud with sufficient particularity as required by Fed.R. Civ.P. 9(b). Alternatively, defendants ask that plaintiff be required to amend his complaint pursuant to Fed.R. Civ.P. 12(e) for failure to delineate plaintiff's claims in separate counts as mandated by Fed.R. Civ.P. 10(b). We deny both motions.

On information and belief, plaintiff alleges that from January 1, 1974 to January 28, 1976 defendants conspired to conceal the true picture of First Penn's financial condition by issuing false and fraudulent statements which unreasonably avoided recognition and accrual of losses and inadequately provided for loan losses and total reserves, thereby inflating First Penn's equity and net income. Plaintiff states that this ma-

nipulation occurred in three classes of investments: real estate investment trusts; debts of or guaranteed by foreign governments or of political subdivisions of the United States; and other highly speculative loans, including business and commercial loans and consumer installment loans.

Specifically, plaintiff alleges, *inter alia,* that First Penn: (1) improperly included as income accruals of interest where the borrower had already defaulted; (2) engaged in sales of foreclosed properties on terms which would not have been made in good faith with arm's length bargaining ("paper sales") to avoid showing substantial losses; (3) inadequately provided for loan losses by not accounting for expected uncollectibles in real estate loans where the mortgage loans constituted a high percentage of the total cost of projects undertaken by borrowers; and (4) concealed the default of loans by entering into extensions, modifications and other arrangements with defaulting borrowers. Plaintiff alleges that First Penn belatedly recognized some of the losses referred to above in a statement published on January 27, 1976, wherein it was disclosed that First Penn had suffered a $12.9 million loss in the fourth quarter of 1974.[1] This was despite greatly increased figures for the first three quarters of the year.

### I. *Motion to Dismiss*

Defendants contend that these allegations fail to state the circumstances constituting fraud with sufficient particularity to comply with Fed.R.Civ.P. 9(b),[2] and hence, do not state a claim upon which relief can be granted. Defendants also assert that plaintiff's allegations are "conclusory"— that they are "neutral", simply track the statutory language and fail to delineate the underlying acts and transactions. *See, e. g., Felton v. Walston and Co.,* 508 F.2d 577, 580–81 (2d Cir. 1974); *Lewis v. Black,* 75

Civ. 301 (E.D.N.Y. March 31, 1976); *Arpet, Ltd. v. Homans,* 390 F.Supp. 908, 912 (W.D. Pa.1975); *Goldberg v. Shapiro,* CCH Fed. Sec.L.R. [74–75 Trans.Binder] ¶ 94,813 at 96,717 (S.D.N.Y.1974); *Reiver v. Photo Motion Corp.,* 325 F.Supp. 214, 216 (E.D.Pa. 1971) (Becker, J.). Defendants state that plaintiff's deficiency is exacerbated by the fact that all of the operative allegations are made on information and belief without a statement of the facts upon which plaintiff's belief is founded. *See, e. g.,* 2A J. Moore, Federal Practice ¶ 9.03 at 1928–29 (2d ed. 1975) [hereinafter *Moore* ]; *Segal v. Gordon,* 467 F.2d 602, 608 (2d Cir. 1972); *Duane v. Altenburg,* 297 F.2d 515, 518 (7th Cir. 1962); *Arpet, Ltd. v. Homans, supra* at 912–13.

Defendants believe that plaintiff's burden of pleading fraud with particularity is a "rigorous" one. They point to several rationales given for Rule 9(b) which they believe support this position. Defendants state that since fraud is easily charged and such allegations of moral turpitude may at times be advanced only for their nuisance or settlement value, Rule 9(b) serves to protect defendants. 5 C. Wright & A. Miller, Federal Practice and Procedure § 1296 at 399–400 (1972) [hereinafter *Wright & Miller* ]; *Segal v. Gordon, supra* at 607; *Beissinger v. Rockwood Computer Corp.,* Civil Action No. 75–2449 (E.D.Pa. July 13, 1976) (Van Artsdalen, J.); *Rich v. Touche Ross & Co.,* 68 F.R.D. 243, 245 (S.D.N.Y. 1975); *Gissen v. Colorado Interstate Corp.,* 62 F.R.D. 151, 153 (D.Del.1974); *Sloan v. Canadian Javelin, Ltd.,* CCH Fed.Sec.L.R. [73–74 Trans.Binder] ¶ 94,579 at 96,033 (S.D.N.Y.1974); *duPont v. Wyly,* 61 F.R.D. 615, 630 (D.Del.1973). Defendants also argue that Rule 9(b) shields defendants, especially accountants and other professional defendants, from lawsuits which wrongfully damage their reputations. *Segal v. Gor-*

---

1. Plaintiff alleges that the $12.9 million loss is to be contrasted to a $5.5 million profit in the corresponding 1974 quarter and that, as a result, First Penn's 1975 total net income fell to $18.2 million from $35.7 million in 1974.

2. Fed.R.Civ.P. 9(b) provides: "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally."

**578**

don, *supra* at 607; *Beissinger v. Rockwood Computer Corp., supra*; *Rich v. Touche Ross & Co., supra* at 245; *Sloan v. Canadian Javelin, Ltd., supra* at 96,033.

■ Defendants are incorrect when they argue that Rule 9(b) places a "rigorous" burden of pleading on plaintiff. A court may become too demanding if it unduly focuses on potential harm to defendants' reputations or the possibility of a "strike" or nuisance suit. "[R]ule 9(b) does not insulate professionals from claims of fraud where a complaint alleges the fraudulent acts with particularity * * *." *Felton v. Walston and Co., supra* at 581–82. "A strict application of Rule 9(b) in class action securities fraud cases could result in substantial unfairness to persons who are the victims of fraudulent conduct." *In re Caesars Palace Securities Litigation*, 360 F.Supp. 366, 388 (S.D.N.Y.1973). This is especially true where many of the matters are peculiarly within the knowledge of defendants. *Cf. Wright & Miller* § 1298 at 416; *Schlick v. Penn-Dixie Cement Corp.*, 507 F.2d 374, 379 (2d Cir. 1974), *cert. denied*, 421 U.S. 976, 95 S.Ct. 1976, 44 L.Ed.2d 467 (1975); *Clark v. Cameron-Brown Co., Inc.*, 72 F.R.D. 48, 62 (M.D.N.C.1976); *Cadillac v. Cadillac*, 58 F.R.D. 534, 536 (E.D.N.Y.1973); *Tryforos v. Icarian Development Co. S. A.*, 47 F.R.D. 191, 196 (N.D.Ill.1969). Certainly in such cases, once plaintiff has satisfied the minimum burden of Rule 9(b), plaintiff should be allowed to flesh out the allegations in the complaint through discovery. *Fox v. Prudent Resources Trust*, 382 F.Supp. 81, 95 (E.D.Pa.1974) (Luongo, J.); *Seligson v. Plum Tree, Inc.*, 61 F.R.D. 343, 347 (E.D.Pa.1973) (Lord, C. J.). This is in keeping with the liberal view espoused by the Federal Rules.

■ Fed.R.Civ.P. 8 requires a short and plain statement of the claim [3] which is simple, concise and direct.[4] Rule 9(b) must be harmonized with the notice pleading man-

date of Rule 8. *Moore* ¶ 9.03 at 1929–30; *Wright & Miller* § 1298; *Tomera v. Galt*, 511 F.2d 504, 508 (7th Cir. 1975); *Felton v. Walston and Co., Inc., supra* at 581; *Clark v. Cameron-Brown Co., supra* at 61; *Fox v. Prudent Resources Trust, supra* at 94; *Gissen v. Colorado Interstate Corp., supra* at 154; *duPont v. Wyly, supra* at 630; *Seligson v. Plum Tree, Inc., supra* at 347; *Collins v. Rukin*, 342 F.Supp. 1282, 1292 (D.Mass. 1972); *United Insurance Co. of America v. B. W. Rudy, Inc.*, 42 F.R.D. 398, 403 (E.D. Pa.1967) (Clary, C. J.). "Rule 9(b) does not require nor make legitimate the pleading of detailed evidentiary matter." *Moore* ¶ 9.03 at 1930; *Walling v. Beverly Enterprises*, 476 F.2d 393, 397 (9th Cir. 1973); *Fox v. Prudent Resources Trust, supra* at 94. *Cf. Schlick v. Penn-Dixie Cement Corp., supra* at 379; *Gissen v. Colorado Interstate Corp., supra* at 154; *Burkhart v. Allson Realty Trust*, 363 F.Supp. 1286, 1289 (N.D.Ill.1973); *duPont v. Wyly, supra* at 631; *Collins v. Rukin, supra* at 1292.

■ Since fraud embraces a wide variety of potential misconduct, *Wright & Miller* § 1296 at 400, Rule 9(b) requires slightly more notice than would be forthcoming under Rule 8.[5] *Tomera v. Galt, supra* at 508. But the requirement of Rule 9(b) is met when there is sufficient identification of the circumstances constituting fraud so that the defendant can prepare an adequate answer to the allegations. *Walling v. Beverly Enterprises, supra* at 397. *Cf. Clark v. Cameron-Brown Co., Inc., supra* at 62; *B & B Investment Club v. Kleinert's, Inc.*, 391 F.Supp. 720, 727 (E.D.Pa.1975) (Cahn, J.); *Burkhart v. Allson Realty Trust, supra* at 1289; *In re Caesars Palace Securities Litigation, supra* at 387; *United Insurance Co. of America v. B. W. Rudy, Inc., supra* at 403; *Gottlieb v. Sandia American Corp.*, 35 F.R.D. 223, 224 (E.D.Pa.1964) (Body, J.).

■ Defendants in this case make a general averment that the complaint is insuffi-

**3.** Fed.R.Civ.P. 8(a).

**4.** Fed.R.Civ.P. 8(e).

**5.** *Wright & Miller* § 1300 at 425 points out: "the notion that Rule 9(b) does not actually require significantly more particularity than Rule 8 *seems to be supported by the text of Official Form 13, which contains little more than a general allegation of fraud."

ciently particular and, additionally, point to a number of specific areas where they find the complaint lacking. First, defendants charge that plaintiff has failed to allege any specific statutory sections as having been violated.[6] Counsel for defendants admit that pursuant to an agreement reached at a pretrial conference on May 14, 1976, defendants received a letter from plaintiff's counsel, dated May 18, 1976, which stated that the complaint was charging violations of § 10(b) and § 20 of the Securities Exchange Act of 1934 and the rules and regulations promulgated thereunder by the Securities Exchange Commission.. We believe that this is sufficient compliance with Rule 9(b).

■ Next, defendants charge that the complaint inadequately identifies the allegedly fraudulent financial statements[7] and fails to designate which charges are directed at which defendants.[8] *Rich v. Touche Ross & Co., supra* at 246; *Frazier v. Stellar Industries, Inc.,* Civ.No. 72–2829–MML (C.D.Cal.1973). We reject this attack in accordance with the reasoning set forth in *duPont v. Wyly, supra* at 631–32. In that case, the court first expressed the concern that identifying each specific document and delineating the role each defendant played in its preparation would result in a prolixity discouraged by the Federal Rules. The court concluded:

"For the purposes of Rule 9(b), it is sufficient that the plaintiff has identified the categories of documents which allegedly contain misstatements and the nature of the information which he claims these documents either omit or misrepresent. These averments go well beyond the conclusory allegations that Rule 9(b) forbids; further specification of the allegedly wrongful role of [the accountant defendant] Arthur Young is a task that the Federal Rules defer to the discovery stage of litigation." *Id.* at 631–32.

*See also Clark v. Cameron-Brown Co., Inc., supra* at 62–63; *B & B Investment Club v. Kleinert's, Inc., supra* at 727.

■ Related to this objection, PMM asserts that the charges against it are not sufficiently particular since PMM is linked to the fraud only as a co-conspirator or "aider and abettor." *See Segal v. Gordon, supra* at 608; *Rich v. Touche Ross & Co., supra* at 246–47; *Frazier v. Stellar Industries, Inc., supra.* However, PMM is specifically charged with certifying statements of First Penn that it knew or should have known contained material misstatements and omissions. Complaint ¶ 15. PMM is alleged to have acted fraudulently in its audit of First Penn's records and to have violated its statutory duty under SEC regulations by knowingly failing to follow accepted accounting practices and procedures in the preparation of financial statements

6. Plaintiff claims jurisdiction under "Section 27 of the Securities and Exchange Act of 1934, as amended ('Exchange Act'), Section 22 of the Securities Act of 1933, as amended ('Securities Act') and pendent jurisdiction (collectively 'the Acts')." Complaint ¶ 1. ¶ 2 of the complaint claims: "This action arised [*sic*] under the Acts, and regulations of the Securities & Exchange Commission ('SEC')."

7. Plaintiff refers to "sequential and interrelated financial reports, prospectuses, proxy solicitations and press releases of First Penn." Complaint ¶ 15. Later in the complaint, plaintiff refers to the "Annual and interim Reports of First Penn for the periods and years within the target period and the financial statements therein." Complaint ¶ 22.

8. For example, the last sentence of ¶ 14 of the complaint states: "Each defendants [*sic*] either drafted, assisted in the drafting or actually

promulgated the fraudulent statements or decisions regarding omissions, or with knowledge acquired, aided in the publication of the fraudulent statements, and/or omitted to inform the public of the facts although knowing of the falsity of said statements."

Defendants also claim that the use of the term "defendants" varies throughout the complaint. For example, ¶ 15 of the complaint states: "*Defendants* issued, filed, and circulated sequential and interrelated financial reports, prospectuses, proxy solicitations and press releases of First Penn which were false, fraudulent and misleading and known or should have been known, to be such by them. *Peat Marwick* certified financial statements of First Penn and knew or should have known of the material misstatements and omissions." (Emphasis added).

for First Penn. Complaint ¶ 31. Finally, PMM is accused of permitting and participating in overstatement of earnings, net worth, assets and surplus in its audit of various real estate and loan accounts. Complaint ¶ 32.

PMM is mistaken when it cites *Ernst & Ernst v. Hochfelder*, 425 U.S. 185, 96 S.Ct. 1375, 47 L.Ed.2d 668 (1976), for the proposition that a charge of "aiding and abetting" against an accountant defendant automatically fails to comply with the scienter requirement of § 10(b). While *Hochfelder* involved a complaint which charged an accounting firm with "aiding and abetting," it was because the plaintiff had specifically disclaimed fraud or intentional misconduct on the part of Ernst & Ernst that the Court held the complaint failed in the absence of any allegation of scienter. In this case, PMM is charged with active fraudulent participation. *See Herzfeld v. Laventhol, Krekstein, Horwath & Horwath*, 540 F.2d 27, 37 (2d Cir. 1976).

■■■■ Finally, all defendants claim that plaintiff's frequent allegations of scienter, "knew or should have known" and "knew, were reckless in failing to know or ascertain, or should have known," are insufficient compliance with Rule 9(b) in light of *Ernst & Ernst v. Hochfelder, supra.* The Supreme Court in *Hochfelder* explicitly left open the question whether "recklessness" was sufficient to meet the scienter requirement of § 10(b).[9] In any event, under Fed.R.Civ.P. 8(e)(2),[10] the alternative allegation of actual knowledge is sufficient as a matter of pleading. *Cf. Heit v. Weitzen*, 402 F.2d 909, 914 (2d Cir. 1968), *cert. denied*, 395 U.S. 903, 89 S.Ct. 1740, 23 L.Ed.2d 217 (1969); *Clark v. Cameron-Brown Co., Inc., supra* at 63; *Sprayregen v. Livingston Oil*

*Co.*, 295 F.Supp. 1376, 1378 (S.D.N.Y.1968). *But cf. Plum Tree, Inc. v. N. K. Winston Corp.*, 351 F.Supp. 80, 85 (S.D.N.Y.1972). There is no problem of insufficient particularity under Rule 9(b) since it expressly authorizes "knowledge" to be averred generally. *Raskas v. Supreme Equipment & Systems Corp.*, 71 F.R.D. 672, 674 (E.D.N.Y. 1976).

■■■■ We find that the complaint satisfies the requirement of Rule 9(b). Plaintiff has adequately delineated the acts and transactions constituting the fraud to apprise defendants fairly of plaintiff's claim. Though not the model of a perfect pleading, plaintiff's allegations are sufficiently clear to enable defendants to answer the complaint. Before discovery, any stricter application of Rule 9(b) is especially inappropriate in a case such as this where the matters alleged are peculiarly within the knowledge of defendants.

## II. *Motion for a More Definite Statement Under Rule 12(e)*

■■■■ Defendants charge that the complaint does not comply with Fed.R. Civ.P. 10(b)[11] in that it fails to delineate in separate counts plaintiff's purported claims against the various defendants, and is otherwise vague and ambiguous. *Cf. Hare v. Family Publications Service, Inc.*, 342 F.Supp. 678, 686 (D.Md.1972); *Ames v. Ass'd Musicians of Greater New York, Local 802, AFM*, 47 F.R.D. 540, 542 (S.D.N.Y.1968). *But cf. Kainz v. Anheuser-Busch, Inc.*, 194 F.2d 737, 744 (7th Cir. 1952). However, the various claims and transactions set forth in plaintiff's complaint are all part of one cause of action, an alleged conspiracy. Therefore, there is no necessity

---

**9.** The Court in *Ernst & Ernst v. Hochfelder*, 425 U.S. 185, n.12 at 194, 96 S.Ct. 1375, n. 12 at 1381, 47 L.Ed.2d 668, n.12 at 677 (1976) stated: "In this opinion the term 'scienter' refers to a mental state embracing intent to deceive, manipulate or defraud. In certain areas of the law recklessness is considered to be a form of intentional conduct."

**10.** Fed.R.Civ.P. 8(e)(2) provides in relevant part: "When two or more statements are made

in the alternative and one of them if made independently would be sufficient, the pleading is not made insufficient by the insufficiency of one or more of the alternative statements."

**11.** Fed.R.Civ.P. 10(b) provides in relevant part: "Each claim founded upon a separate transaction or occurrence . . . shall be stated in a separate count . . . whenever a separation facilitates the clear presentation of the matters set forth."

to set forth the charges in separate paragraphs. *Wentling v. Popular Science Publishing Co.,* 176 F.Supp. 652, 661 (M.D.Pa. 1959); *Sapery v. United American Metals Corp.,* 1 F.R.D. 106, 107 (E.D.N.Y.1940). The fact that plaintiff may assert violation of more than one section of the Securities Act of 1933 or the Securities Exchange Act of 1934 does not mean that there must be more than one cause of action with a separate count for each alleged violation. *Oppenheimer v. F. J. Young & Co.,* 3 F.R.D. 220, 226 (S.D.N.Y.1943); *Buchholtz v. Renard,* 188 F.Supp. 888, 890 (S.D.N.Y.1960). As we have already stated, we believe that the complaint puts each defendant on sufficient notice to frame a responsive pleading.