ARPET, LTD.

v.

Arthur J. HOMANS and
Jack Berner.

Civ. A. No. 74–658.

United States District Court,
W. D. Pennsylvania.

March 6, 1975.

Charles Watkins, Pittsburgh, Pa., for plaintiff.

Dale Hershey, Paul Titus, Pittsburgh, Pa., for defendants.

## MEMORANDUM AND ORDER DENYING DEFENDANTS' MOTIONS TO DISMISS

KNOX, District Judge.

Plaintiff Arpet, Ltd., a foreign corporation with its principal place of business at Grand Cayman, B.W.I., brought this securities fraud action against Universal Major Industries Corporation (Universal Major), a Nevada corporation, Kastle Oil & Gas Corporation (Kastle), a Pennsylvania corporation which is a wholly-owned subsidiary of Universal Major, and several individual defendants. The individual defendants include officers and directors as well as legal counsel and a certified public accountant for Universal Major at the time of the alleged fraud.

In its original complaint filed July 5, 1974, the plaintiff alleges that the defendants are liable under Section 12(2) of the Securities Act of 1933, 15 U.S.C. § 77*l*(2), for the fraudulent sale to plaintiff of seven notes with a total value of $325,000 by Universal Major and Kastle, and 25,000 shares of Universal Major common stock for $25,000 by individual defendant Horsey. The plaintiff filed an amended complaint on October 25, 1974, which alleges that the defendants also are liable under Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b), and SEC Rule 10b–5, 17 C.F.R. 240.10b–5(1974), for the fraudulent sale of the notes and stock. In addition, the amended complaint contains a pendent state claim seeking exemplary and punitive damages for common law fraud. Jurisdiction over the subject matter of this suit is based on Section 22(a) of the Securities Act of 1933, 15 U.S.C. § 77v(a) and Section 27 of the Securities Exchange Act of 1934, 15 U.S.C. § 78aa.

■ The court has been presented with various motions to dismiss, motions to strike, and motions for more definite statement on behalf of the defendants. After these motions were filed, the plaintiff entered into a settlement agreement with all of the defendants except Homans and Berner. The court, therefore, now is faced only with the motions of these two individual defendants. At this time, we deem it necessary to consider only the defendants' motions to dismiss for lack of venue and personal jurisdiction and for failure to allege the fraud with sufficient particularity. The defendants of course are without prejudice to renew their other motions at a later time. In dealing with these motions, we note the admonition of the United States Supreme Court that Congress intended the anti-fraud provisions of the federal securities laws to be construed not technically and restrictively, but flexibly to effectuate their remedial purpose. Affiliated Ute Citizens v. United States, 406 U.S. 128, 151, 92 S. Ct. 1456, 31 L.Ed.2d 741, 760 (1972);

Superintendent of Insurance v. Bankers Life & Casualty Co., 404 U.S. 6, 12, 92 S.Ct. 165, 30 L.Ed.2d 128, 134 (1971); SEC v. Capital Gains Research Bureau, 375 U.S. 180, 195, 84 S.Ct. 275, 11 L.Ed. 2d 237, 248 (1963).

### Jurisdiction and Venue

Defendants Homans and Berner have filed motions to dismiss claiming that venue does not properly lie in the Western District of Pennsylvania and, therefore, this court lacks *in personam* jurisdiction. Homans supports his motion with an affidavit filed on October 1, 1974 in which he states that he is a resident of New York, New York; that he is not an inhabitant of the Western District of Pennsylvania; that he does not transact business in that district; that he has never sold or participated in the sale of securities in that district; and that he was served with the complaint and summons in the present action at his office in New York, New York. Homans further claims that his only contact with the controversy and parties in the present action was that he acted as outside legal counsel to defendant Universal Major. Berner also filed an affidavit on November 19, 1974 in which he states that he is a resident of Dix Hills, New York; that he is not an inhabitant of the Western District of Pennsylvania; that he does not transact business in that district; that his only contact with that district was to make one trip to northern Pennsylvania between December 2 and 4, 1970 to verify the existence of certain oil and gas wells listed as assets on the Universal Major balance sheet; that he has never sold or participated in the sale of securities in that district; and that service of the complaint and summons in the present action was made on an employee in his office in East Meadow, New York. Berner further claims that his only contact with any parties in the present action was that he was retained as an independent certified public accountant by Universal Major from 1970 through early 1973.

Homans and Berner argue that given these facts, the applicable sections of the federal securities laws do not grant venue in the Western District of Pennsylvania and that service of process outside of this district was improper. Section 22(a) of the Securities Act of 1933, 15 U.S.C. § 77v(a), establishes venue for any suit arising under the act " . . . in the district wherein the defendant is found or is an inhabitant or transacts business, or in the district where the offer or sale took place, if the defendant participated therein . . .". Section 27 of the Securities Exchange Act of 1934, 15 U.S.C. § 78aa, grants venue for any suit under that act in any district " . . . wherein any act or transaction constituting the violation occurred . . . or in the district wherein the defendant is found or is an inhabitant or transacts business . . .". Both of these sections provide that " . . . process in such cases may be served in any other district of which the defendant is an inhabitant or wherever the defendant may be found".

▬ We agree with other courts which, by analogy to the doctrine of pendent jurisdiction, have held that venue properly laid for claims arising under one federal securities act satisfactorily establishes venue for claims arising under the other. *See* SEC v. National Student Marketing Corp., 360 F.Supp. 284 (D.D.C.1973); In re Penn Central Securities Litigation, 338 F.Supp. 438 (E.D. Pa.1972); Zorn v. Anderson, 263 F. Supp. 745 (S.D.N.Y.1966); Coburn v. Warner, 110 F.Supp. 850 (S.D.N.Y. 1953); 3 L. Loss, Securities Regulation 2009 (1961 Ed.); 6 L. Loss, Securities Regulation 4147 (1969 Supp.). Venue is proper under the Securities Exchange Act of 1934 if any act or transaction constituting the violation occurred in the Western District of Pennsylvania. Although neither Homans nor Berner may have had any substantial contact with this District, venue as to them may be proper under the co-conspirator theory of venue. *See* Wyndham Associates v. Bintliff, 398 F.2d 614 (2d Cir.), cert.

denied 393 U.S. 977, 89 S.Ct. 444, 21 L. Ed.2d 438 (1968); Hooper v. Mountain States Securities Corp., 282 F.2d 195 (5th Cir. 1960), cert. denied 365 U.S. 814, 81 S.Ct. 695, 5 L.Ed.2d 693 (1961); SEC v. National Student Marketing Corp., supra; In re Penn Central Securities Litigation, supra. In SEC v. National Student Marketing Corp., the United States District Court for the District of Columbia stated the co-conspirator theory of venue as follows:

"in a multi-defendant securities proceeding, where a common scheme of acts or transactions to violate the securities acts is alleged, if venue is established for any of the defendants in the forum district there is sufficient justification to establish venue as to the other defendants, even in the absence of any contact or substantial contact by any one defendant within that district." 360 F.Supp. at 291–92.

The court went on to hold that venue as to the New York law firm White & Case and one of its partners, who claimed to have acted only in a representative capacity as attorneys, was properly lodged in the District of Columbia under the co-conspirator doctrine without considering the question of whether these defendants, by their conduct alone, committed violations within that district. 360 F.Supp. at 292. In a multi-defendant securities action alleging a common fraudulent scheme, this doctrine permits a plaintiff to present his claim in a single forum, rather than filing in several districts which may be scattered throughout the country.

██ We find that venue properly lies in this court under Section 27 of the Securities Exchange Act of 1934. The "act or transaction" portion of this section does not require that the violative acts in this district form the core of the claim. Rather, venue is proper if there is but one act within the forum district which represents more than an immaterial part of the alleged illegal events. *See* Burkhart v. Allson Realty Trust, 363 F.Supp. 1286, 1292 (N.D.Ill.1973);

Prettner v. Aston, 339 F.Supp. 273, 280 (D.Del.1972). In paragraph 32 of the amended complaint, the plaintiff alleges that all defendants are liable under the 1933 and 1934 acts for engaging in a common fraudulent scheme involving the sale of the notes and stock to the plaintiff. The affidavit of Dale Hershey, counsel for defendant Homans, filed on December 4, 1974, reveals that at least six of the seven notes were secured by mortgages on certain Kastle oil and gas wells in Crawford County which is located in the Western District of Pennsylvania. Plaintiff's Exhibit A attached to its brief submitted on December 14, 1974 shows that various financing statements were filed in Crawford County in connection with these mortgage notes. The court finds that since the notes in issue were secured by property located in Crawford County and since financing statements to that effect were filed in Crawford County, venue properly lies with this court under the "any act or transaction" language of Section 27 of the 1934 Act. We also note that defendant Kastle, the wholly-owned subsidiary of Universal Major, transacts business and is found in the Western District of Pennsylvania. Given the finding that venue properly lies in this district, the court has personal jurisdiction over defendants Homans and Berner who were served pursuant to the nation-wide service of process provisions of Section 22(a) of the Securities Act of 1933 and Section 27 of the Securities Exchange Act of 1934. The motions of Homans and Berner to dismiss for lack of venue and personal jurisdiction, therefore, will be denied.

### More Definite Statement

Defendants Homans and Berner also have filed motions to dismiss asserting that neither the original complaint nor the amended complaint have stated their respective roles in the alleged fraud with sufficient particularity. The defendants argue that the plaintiff has failed to comply with Rule 9(b) of the Federal Rules of Civil Procedure which states in part:

"In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. . . . ."

This Rule creates an exception to the general requirement of Rule 8(a) which states that a pleader need only present a short and plain statement of his claim showing that he is entitled to relief. Although the court agrees that the plaintiff's pleadings do not satisfy Rule 9(b), we believe that the proper way to handle the matter at this time is to deny defendants' motions, but require the plaintiff to file a more definite statement in compliance with Rule 9(b).

In considering defendants' motions, we have focused on the amended complaint because its allegations are more particular than those of the original complaint. Paragraphs 29 through 32 allege that all of the defendants engaged in a common scheme to defraud the plaintiff by making untrue statements of material facts and omitting to state material facts in connection with the plaintiff's purchase of the notes and stock. These allegations, which are wholly conclusory and merely track the language of the federal anti-fraud provisions, fail to comply with the requirements of Rule 9(b). *See* Segal v. Gordon, 467 F.2d 602 (2d Cir. 1972); Gissen v. Colorado Interstate Corp., 62 F.R. D. 151 (D.Del. 1974); Reiver v. Photo Motion Corp., 325 F.Supp. 214 (E.D.Pa. 1971).

Paragraphs 10, 11, 17, 27, and 28 containing allegations as to Homans or Berner all are based on information and belief. While the defendants' affidavits admit that Homans was retained as outside legal counsel and Berner was retained as an independent certified public accountant for Universal Major, other important allegations by the plaintiff are unsupported. These paragraphs are defective because as a general rule allegations based on information and belief

do not satisfy Rule 9(b). Although this general rule is relaxed as to matters peculiarly within an adverse party's knowledge, an allegation based on information and belief should be accompanied by a statement of the facts upon which the belief is founded. *See* Segal v. Gordon, supra, at 608; Duane v. Altenburg, 297 F.2d 515, 518–19 (7th Cir. 1962); 2A J. Moore, Federal Practice ¶ 9.03, at 1928–29 (2d Ed. 1967).

■ Finally, paragraph 26 alleges that the plaintiff purchased the notes and stock after receiving information from Horsey, Duncan, and the other defendants which it believed to be accurate and complete. Although this paragraph could be interpreted as charging that defendants Homans and Berner provided the plaintiff with misleading information that induced the purchases, the allegation is defective because it does not state the specific information that Homans and Berner provided to Arpet and the circumstances in which this information was provided. *See* Zammas v. Jagid, CCH Fed.Sec.L.Rep. ¶ 94,342, at 95,156 (S.D.N.Y.1973). We agree with the statement of the Second Circuit in Segal v. Gordon that:

> "It is a serious matter to charge a person with fraud and hence no one is permitted to do so unless he is in a position and is willing to put himself on record as to what the alleged fraud consists of specifically." 467 F.2d at 607, citing 1A W. Barron & A. Holtzoff, Federal Practice and Procedure § 302, at 215–16 (Wright Rev. 1960).

In order to give the plaintiff an opportunity to satisfy Rule 9(b), the defendants' motions to dismiss will be denied without prejudice to renew the same if the plaintiff fails to file a more definite statement in compliance with Rule 9(b) within 20 days.

### ORDER

And now, to wit, March 6, 1975, after consideration of the briefs and arguments of the parties,

It is ordered that the defendants' motions to dismiss for lack of venue and personal jurisdiction are hereby denied.

It is further ordered that the defendants' motions to dismiss for failure to allege the fraud with sufficient particularity are hereby denied without prejudice to renew the same if the plaintiff fails to file a more definite statement in compliance with Rule 9(b) within 20 days from the date of this order.