**ETHANOL PARTNERS
ACCREDITED, et al.**

**v.**

**WIENER, ZUCKERBROT, WEISS &
BRECHER, et al.**

**Civ. A. No. 84–6408.**

United States District Court,
E.D. Pennsylvania.

June 27, 1985.

Henry H. Janssen, Philadelphia, Pa., for plaintiffs.

Peter J. Taylor, Pittsburgh, Pa., for Carl E. Wright & Wright, Herfordt & Sanders.

Abraham C. Reich, Philadelphia, Pa., for Linde, Thomson, Fairchild, Langworthy, Kohn & Van Dyke, P.C. & James O. Selzer.

Lloyd R. Ziff, Philadelphia, Pa., for John P. Redd & J. Michael Redd.

Ira P. Tiger, Philadelphia, Pa., for Mormac Ltd., Henry McDonald.

James M. Kaplan, New York City, for Harold E. Card, Raymond Jallow and Ira Palmer and William Palmer.

## MEMORANDUM AND ORDER NO. II

JAMES McGIRR KELLY, District Judge.

Presently before this court is defendants'[1] motion for change of venue pursuant to Title 28 U.S.C. § 1406(a) which states:

(a) The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

and in the alternative, Title 28 U.S.C. § 1404(a) which states:

(a) For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

It is defendants' primary argument that venue is not present in the Eastern District of Pennsylvania; therefore, the court should transfer this litigation to the Southern District of New York pursuant to 28 U.S.C. § 1406(a), *supra.*

1. Defendants who joined in this motion are: Wiener, Zuckerbrot, Weiss & Brecher (a law partnership), Howell Bramson, Kenneth Zuck-

Plaintiffs seek relief under the Security Act of 1933 (SA), 15 U.S.C. § 77a, *et seq.,* the Security Exchange Act of 1934 (SEA), 15 U.S.C. § 78a, *et seq.,* the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1961, *et seq.* and various state claims. The SA has its own jurisdictional/venue provision which is found at SA § 22, 15 U.S.C. § 77v (1981) and it states in pertinent part:

(a) The district courts of the United States, and the United States courts of any Territory, shall have jurisdiction of offenses and violations under this subchapter and under the rules and regulations promulgated by the Commission in respect thereto, and, concurrent with State and Territorial courts, of all suits in equity and actions at law brought to enforce any liability or duty created by this subchapter. *Any such suit or action may be brought in the district where the defendant is found or is an inhabitant or transacts business, or in the district where the offer or sale took place, if the defendants participated therein,* and process in such cases may be served in any other district of which the defendant is an inhabitant or wherever the defendant may be found. . . .

(emphasis added). The SEA has its own jurisdictional/venue provision which is found at SEA § 27, 15 U.S.C. § 78aa and it states in pertinent part:

### § 78aa. Jurisdiction of offenses and suits

Any suit or action to enforce any liability or duty created by this chapter or rules and regulations thereunder, or to enjoin any violation of such chapter or rules and regulations, *may be brought in any such district or in the district wherein the defendant is found* or is an inhabitant or *transacts business,* and process in such cases may be served in any other district of which the defendant is an inhabitant or wherever the defendant may be found.

erbrot, Amy Meltzer, Linda Lerner, David Haver, and Haver, Porchenick & Co. (an accounting partnership).

(emphasis added). It must be noted that both statutes allow a district court to exercise jurisdiction when defendants transact business within the district.

Thus, defendants contend that: they are New York partnerships or citizens who were not served the complaint in Pennsylvania; they do not conduct business or have agents within Pennsylvania; and the transactions which gave rise to this litigation did not take place in Pennsylvania.

Plaintiffs allege in their complaint that defendants here prepared various documents [2] and provided certain advice to plaintiffs during the purchase of certain securities. Plaintiffs contend that because their general partner was and still is located within Philadelphia, and various information was communicated from defendants here to plaintiffs, this constitutes "transacting business" by defendants within this district. Defendants here, to support their motion, offer to the court affidavits of their attorney, James M. Kaplan. However, Kaplan does not aver that he has personal knowledge of the various transactions; rather he admits he is merely familiar with the circumstances because he is the attorney for defendants here. I cannot see how such statements are admissible evidence, thus, I will not consider these affidavits. *Crockett v. Johns-Manville Corp.*, No. 81–1268 (E.D.Pa. Oct. 11, 1984) (court denied consideration of affidavit in summary judgment where the affidavit contained hearsay); *Copiers Typewriters Calculators, Inc. v. Toshiba Corp.*, 576 F.Supp. 312 (D.Md.1983). Defendant here, David Haver, a partner in the accounting firm of Haver, Porchenick & Co., submitted an affidavit in support of defendants' motion here. Haver avers that Haver, Porchenick & Co. does not have any interests in real estate in Pennsylvania, or any business offices or agents within Pennsylvania. However, Haver does aver that *he may have sent* duplicative copies of various correspondence with plaintiffs to plaintiffs' Pennsylvania office. Furthermore, Haver states that he *may have made* telephone calls to plaintiffs' Pennsylvania offices.

Plaintiffs, in contesting defendants' motion to transfer this action to the Southern District of New York, have submitted an affidavit of Howard Scherer, the plaintiffs' managing partner. Scherer avers that plaintiffs received communications in Philadelphia from defendants here concerning the purchase and sale of the securities, namely the ethanol plants. In *Hooper v. Mountain States Securities Corp.*, 282 F.2d 195, 205 (5th Cir.1960) the court held:

It is apparent that the language in § 27, note 11, [15 U.S.C. § 78aa, *supra* at 3] supra, describing the venue district as 'the district wherein any act or transaction constituting the violation occurred' cannot mean the district in which all acts took place, or in which the transaction as a whole was consummated. The statute was one designed to put an end to interstate frauds in the sale and trading of securities. The legislative pattern envisages the likelihood that actions would take place in many places requiring the frequent use of instrumentalities of the mail or of communication. The Act meant to vest jurisdiction in every district where any use of such instrumentalities of the mail or interstate commerce was of material importance to the consummation of the scheme.

In *Arpet, Ltd. v. Homans*, 390 F.Supp. 908, 911 (W.D.Pa.1975) the court stated: "[v]enue is proper under the Securities Exchange Act of 1934 if any act or transaction constituting the violation occurred in the Western District of Pennsylvania."

---

**2.** The "law partnership" provided the Purchase Orders, Sales Agreements, Management Agreements, and Offering Memoranda in connection with the purchase of the six ethanol plants (the ethanol plants constituted one of the securities in this action.)

The accounting firm provided certain consulting services to the plaintiffs including the review and certification of financial statements and projections in the private offering memoranda and review of the financial soundness of other defendants in this action (not named herein) who were to manage and build the ethanol plants.

*See also Securities and Exchange Commission v. National Student Marketing Corp.,* 360 F.Supp. 284, 292 (D.D.C.1973) ("It is well recognized that in multi-defendant and multi-forum securities fraud actions any act committed material to and in furtherance of an alleged fraudulent scheme will satisfy the venue requirement of the Exchange Act as to all defendants wherever the defendants are found.")

 After considering the affidavit produced by plaintiffs, I find that plaintiffs, for the purpose of venue, have established that purported material misrepresentations were made to plaintiffs in this district. Therefore, I find venue proper within this district and that defendants' reliance upon 28 U.S.C. § 1406, *supra,* which is applicable where venue is not found, is misplaced.

Because I find that venue is proper within this district, I must now consider defendants' alternate argument which requests change of venue because of convenience to the defendants pursuant to 28 U.S.C. § 1404(a) (1981), *supra.* The affidavit of Scherer, managing partner of plaintiffs, which was offered by plaintiffs to contest a change of venue, states that defendants communicated the purported fraudulent statements to plaintiffs in Philadelphia and that plaintiffs' managing partner has offices within this district. Additionally, Scherer avers a number of witnesses for plaintiffs reside within this district. The affidavit of Haver, partner of the accounting firm of Haver, Porchenick & Co., which defendants offered to the court in support of their motion, states that defendants do not conduct business, own real estate, or have agents within Pennsylvania. Additionally, Haver avers that bringing their records to this court would be overly burdensome. This court does take notice that none of the defendants in this action reside in, are incorporated in, or have agents within the Eastern District of Pennsylvania.

 The defendants' argument that this action should be transferred to the Southern District of New York is not without merit. But in this circuit, whenever a district court is confronted with a change of venue motion, the forum chosen by the plaintiff must be given paramount consideration. *Shutte v. Armco Steel Corp.,* 431 F.2d 22, 25 (3d Cir.1970). The moving party has the burden to establish that the balancing of interest requires a transfer. *Id.* The defendants here have not overcome their burden of showing that a transfer is required. In view of the fact that plaintiffs' general managing partner maintains his office within this district, that purported fraudulent communications were communicated to plaintiffs within this district, and that a number of witnesses of plaintiffs reside within this district, a transfer at this point in time would be improper; therefore, defendants' motion must be denied.

Last, defendants here contend that venue is improper within this district under the special venue provision of RICO, 18 U.S.C. §§ 1964 and 1965. However, because I find venue proper under SA and SEA, and in light of the fact that I have held that plaintiffs failed to state a claim against other defendants under RICO (See my Memorandum and Order No. I of June 27, 1985), I need not further consider defendants' contention that venue is improper under the RICO statutes.

An appropriate order follows.