**ETHANOL PARTNERS ACCREDITED, et al.**

v.

**WIENER, ZUCKERBROT, WEISS & BRECHER, et al.**

Civ. A. No. 84–6408.

United States District Court, E.D. Pennsylvania.

July 11, 1985.

Henry H. Janssen, Philadelphia, Pa., for Ethanol Partners Accredited.

Peter J. Taylor, Pittsburgh, Pa., David B. Adams, Philadelphia, Pa., for Carl E. Wright & Wright, Herfordt & Sanders.

Abraham C. Reich, Philadelphia, Pa., for Linde, Thomson, Fairchild, Langworth, Kohn & Van Dyke, PC, James O. Selzer.

**16**

Robert S. Clark, Salt Lake City, Utah, Lloyd R. Ziff, Philadelphia, Pa., for John P. Redd & J. Michael Redd.

James M. Kaplan, New York City, Margaret Sherry Lurio, Philadelphia, Pa., for Wiener, Zuckerbrot, Weiss & Brecher; Howell Bramson, Kenneth Zuckerbrot, Amy Melzer, Linda Lerner, Haver Porchenick & Co. and David Haver.

Alexander Kerr, Philadelphia, Pa., for Harold E. Card, Raymond Jallow, Ira Palmer, William H. Palmer.

Ira P. Tiger, Philadelphia, Pa., for Mormac Ltd., Henry McDonald.

## MEMORANDUM AND ORDER

JAMES McGIRR KELLY, District Judge.

Presently before this court is defendants Thomas Tierney and Tierney & Ernst's motion to dismiss for lack of personal jurisdiction pursuant to Fed.R.Civ.P. 12(b)(2). Defendant Thomas Tierney contends and has submitted an affidavit in which he avers: that he is a citizen and resident of the State of Missouri; that Tierney & Ernst is a law firm of which Thomas Tierney is sole proprietor; that Tierney & Ernst has its sole office and place of business in Missouri; that neither Thomas Tierney nor defendant Tierney & Ernst had any contacts or performed any act within the Commonwealth of Pennsylvania; that neither defendant here has ever been physically present within Pennsylvania; that neither defendant sold or shipped any products nor solicited any business within the state.

Because of the lack of contacts, defendants contend that due process under the fifth amendment[1] would be violated if this court exercised jurisdiction over them.

Plaintiffs[2] alleged in their complaint that they purchased certain investments (certain ethanol plants) and then sold limited partnership interests. The ethanol plants were purchased on a "turn key" basis from Midwestern Companies, Inc. (Midwestern) and its subsidiaries. The ethanol plants were wholly managed by Midwestern or its subsidiaries for plaintiffs. Plaintiffs contend that various security frauds[3] were committed by defendants here or other defendants in this action in connection with the sale of the ethanol plants to plaintiffs and with plaintiffs later selling the limited partnership interests. Plaintiffs alleged a common conspiracy between the defendants to defraud the plaintiffs here.

■ Once personal jurisdiction has been challenged, the burden is upon the plaintiff to establish that the court properly has jurisdiction over the parties. *Wright v. American Standard, Inc.*, 637 F.Supp. 241, 242–243 (E.D.Pa.1985).

Plaintiffs have offered to the court, in opposing defendants' instant motion, two affidavits of Howard Scherer, the managing partner of both plaintiffs. Scherer avers: that plaintiffs have maintained their sole office in this district since August of 1984; that plaintiffs sold limited partnership interests within this district; that plaintiffs received communications including documents drafted by defendants within this district; that each defendant here was placed on notice of the fact that plaintiffs would sell limited partnership interests within this district; that other defendants[4] in this action communicated various information concerning the purchase of the ethanol plants and the sale of the limited partnership interests to plaintiffs in Philadelphia.

---

1. The fifth amendment Due Process clause is implicated here since the action arises under a federal statute, namely the Security Act of 1933, the Security Exchange Act of 1934, and the Racketeer Influenced and Corrupt Organization Act.

2. Two limited partnerships—Ethanol Partners Accredited; Ethanol Energy Partners.

3. Violation of, *inter alia*, 15 U.S.C. §§ 77*l*, 77q and 15 U.S.C. § 78j and 17 C.F.R. § 240.10b–5 were alleged.

4. Wiener, Zuckerbrot, Weiss & Brecher—a law partnership; Haver, Porchenick & Co.—an accounting firm.

Defendants here, in response to plaintiffs' submission of Howard Scherer's affidavits to the court, have offered a second affidavit of defendant Thomas Tierney in which he further avers: that he did not send any documents to Philadelphia, contra to Howard Scherer's affidavit; that defendants here had no reason to foresee that plaintiffs would sell the limited partnership interests in Pennsylvania; that defendants here had no communication with any of the plaintiffs concerning the purchase of the ethanol plants on a turn key basis or the sale of limited partnership interest.

As was clearly set out in my Memorandum and Order No. I of June 27, 1985, 617 F.Supp. 300 (E.D.Pa.1985), in this action, the securities statutes provide subject matter jurisdiction in the district courts. The fact that the court has subject matter jurisdiction does not confer *in personam* jurisdiction; a test of fairness must be provided to be in accord with the fifth amendment Due Process guarantee. While the due process required in a diversity matter, or a state court proceeding, requires "minimum contacts" with the jurisdiction, namely the state in which the court sits, *International Shoe Co. v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945), before the court has power over the party, a matter brought in federal court which arises out of federal statute presents a more complex situation. Although a party may have minimum contacts with the United States, it sill may violate fairness and substantial justice to require the party to litigate in a distant forum. However, it may not violate fairness and substantial justice to require a party to litigate in a district court, although the party has no contacts with the district, where it would not produce an undue burden on the unwilling litigant. The fact that the *International Shoe* line of cases has required a restraint of minimum contacts with a state is because of, *inter alia,* the system of government our Constitution provides, namely, a federal government formed by a group of sovereign states. *Hanson v. Denckla,* 357 U.S. 235, 251, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1957) ("minimum contacts" restriction as applied in *International Shoe,* is "more than a guarantee of immunity from inconvenient or distant litigation. [It is] a consequence of territorial limitations on the power of the respective States.") It is the states rather than judicial districts within the federal court system whose jurisdiction is constrained in adjudicating parties who do not have the required minimum contacts. It does not necessarily follow that a party must have certain minimum contacts with the district in which the district court sits before the district court can adjudicate matters relevant to the party. Indeed, the district is not a sovereign as is a state, but rather the district court within the district is a court of the sovereign United States. *Max Daetwyler Corp. v. R. Meyer,* 762 F.2d 290, 293–294 (3d Cir.1985)("The hallmark of the [minimum contacts] theory is that 'it is not the territory in which a court sits that determines the extent of its jurisdiction, but rather the geographical limits of the unit of government of which the court is a part' ". (citations omitted)); *see also Mariash v. Morrill,* 496 F.2d 1138, 1143 (2d Cir.1974)("the 'minimal contacts' principle does not, in our view, seem particularly relevant in evaluating the constitutionality of in personam jurisdiction based on nationwide, but *not* extraterritorial, service of process. It is only the latter, quite simply, which even raises a question of the forum's power to assert control over the defendant." (footnote omitted)).

The plaintiffs have the burden of establishing personal jurisdiction over the unwilling defendants. While the plaintiffs have submitted affidavits stating communication within Pennsylvania with defendants, the defendants, by affidavit, have denied this; thus I find without more plaintiffs have failed to come forward to substantiate their claim. Indeed, plaintiffs have averred certain correspondence were mailed to them by defendants, to their Pennsylvania location, yet have failed to produce any.

■ The plaintiffs have come forward with more; in one affidavit of Scherer he avers activities of other alleged conspira-

tors within this district, which defendants here do not contest. When co-conspirators have sufficient contacts with the forum, so that due process would not be violated, it is imputed against the "foreign" co-conspirators who allege that there is not sufficient contacts; co-conspirators are agents for each other. *Arpet, Ltd. v. Homans,* 390 F.Supp. 908 (W.D.Pa.1975). *See also* my Memorandum and Order Nos. I & II in this action of June 27, 1985, 617 F.Supp. 300 and 617 F.Supp. 308. I have found that there are sufficient contacts by co-conspirators in this action with this forum so as not to offend due process, thus this court has jurisdiction over defendants here.