**Eugene HASENFUS, et al., Plaintiffs,**

v.

**Richard SECORD, et al., Defendants.**

**Kasanee SAWYER, Administratrix of Wallace B. Sawyer, Deceased, Plaintiff,**

v.

**Richard SECORD, et al., Defendants.**

**Nos. 88–1841–Civ., 88–1850–Civ.**

United States District Court, S.D. Florida.

May 4, 1989.

See also 962 F.2d 1556.

Brian Strange, Los Angeles, Cal., Rebekah Poston, Fine Jacobson Schwartz Nash Block & England, Miami, Fla., for plaintiffs.

Mike Kinard, Magnolia, Ark., for Kasanee Sawyer.

Robert M. Beckman, David Kirsten, Washington, D.C., Dwight Sullivan, Miami, Fla., for defendants.

Thomas R. Spencer, Spencer & Klein, PA, Miami, Fla., for Richard Secord.

*Order on Motion to Dismiss.*

ATKINS, District Judge.

This cause is before the court on defendant Richard V. Secord's motion to dismiss the plaintiff's amended complaint. Defendant Secord bases his motion on an alleged lack of *in personam* jurisdiction. Fed. R.Civ.P. 12(b)(2). Now, upon consideration of the motion, the memoranda, the record, and the relevant case law and statutory authority, it is

ORDERED AND ADJUDGED that the motion is DENIED.

## A.

### *Background Information.*

This case arises out of the covert attempt to supply arms to the so-called Contra forces in Nicaragua. At this juncture, it is necessary only to discuss the facts that pertain to the jurisdictional questions posed by the present motion.[1]

The plaintiffs allege generally that defendant Southern Air Transport ("SAT"), together with the other named defendants, entered into a conspiracy to supply arms and funds to the Contra forces. Specifically, the plaintiffs allege that defendant Secord and defendant Albert Hakim were, in 1985, recruited by Lt. Col. Oliver North and CIA Director Casey to run the resupply operation. Defendant Secord took many steps to complete the covert assignment. First, Secord allegedly organized a team of associates to carry out the plan proposed by North and Casey. Next, Secord, in July, 1985, met in Miami with North and other key players to discuss to progress of the resupply plan. Finally, Secord coordinated resupply efforts with SAT and defendant Corporate Air Transport ("CAT"), an alleged shell corporation established to mask the covert operation. These efforts, which included the recruitment of the plaintiffs,[2] were undertaken to ensure that arms, funds, and the like were secretly transported from the United States to Nicaragua.

Secord vehemently denies any direct contact with either plaintiff Hasenfus or decedent Sawyer. He also denies that he has ever been "a director, officer, shareholder, managing agent, agent or employee" of either SAT or CAT. Affidavit of Richard V. Secord, at 1–2. Secord does not, however, deny that SAT is a business entity incorporated under the laws of Florida. He does not deny that he met in Miami with North to discuss various aspects of the resupply plan. And, with the exception of the specific matters discussed above, he does not deny his general participation in the resupply plan.

## B.

### *Discussion.*

#### 1. *Procedural Framework.*

 In general, the plaintiff, or non-movant, always bears the burden of demonstrating that long-arm jurisdiction may properly be asserted over a non-resident defendant. *See, e.g., Bloom v. A.H. Bond, Inc.,* 519 F.Supp. 1162, 1165 (S.D.Fla.1981). Specifically, the defendant challenging jurisdiction must make out a prima facie showing of the inapplicability of the proposed assertion of jurisdiction. If the defendant does so, the burden shifts back to the plaintiff to demonstrate the propriety of the proposed assertion. This burden cannot be carried merely by repeating the allegations in the complaint: the plaintiff must instead adduce affidavits or "other competent proof" to establish propriety of jurisdictional assertion. *Id.*

█ Applying these principles to the present case, the court concludes that the defendant has made the showing required to shift the *Bloom* burden to the plaintiffs. The defendant, as noted above, is not an officer or member of any Florida corporation or affiliate. He is not a Florida resident. He did not enter into any contract negotiations with plaintiff Hasenfus or decedent Sawyer in Florida. This showing is sufficient to make out a prima facie case of the inapplicability of proposed jurisdictional assertion.

█ The plaintiffs, however, argue that jurisdiction can be properly maintained. They note that while Secord might not have had sufficient direct contacts with Florida, he knowingly entered into a conspiracy with, among others, defendant SAT. Because SAT is a Florida corporation, and

---

**1.** A more detailed discussion of the Contra resupply plan was set forth in a previous order of this court. *See* Order Granting in Part and Denying in Part Southern Air Transport's motion to dismiss, dated March 29, 1989.

**2.** Plaintiff Hasenfus was recruited to kick supplies out of the resupply airplane as the plane passed over Nicaragua. Decedent Sawyer, in whose capacity his wife brings suit, served as the pilot of the resupply plane.

because steps in furtherance of the conspiracy were undertaken in Florida, jurisdiction (the plaintiffs continue) may be properly asserted over Secord pursuant to the "co-conspirator theory." Under this theory, the plaintiffs conclude that they have carried the burden imposed by *Bloom.* Accordingly, the court now turns to the merits of the plaintiffs' conclusion.

### 2. *Jurisdiction Under the "Co-Conspirator Theory".*

The "co-conspirator theory" permits a state to assert jurisdiction over a non-resident defendant who has no direct contacts with that state. Although the precise contours of this theory have never been defined, the theory basically permits a state to assert jurisdiction over a non-resident defendant if: (1) jurisdiction can, under the traditional tests discussed below, be asserted over a "resident" defendant (i.e. one with sufficient ties to the state); (2) the plaintiff can demonstrate the existence of a conspiracy in which the non-resident defendant and the resident defendant participated; and (3) an overt act in furtherance of the conspiracy took place within the state. *See, e.g., Chrysler Corp. v. Fedders Corp.,* 643 F.2d 1229, 1236–37 (6th Cir. 1981) (describing, without applying, parameters of the co-conspirator test); *see also Bonavire v. Wampler,* 779 F.2d 1011, 1014 (4th Cir.1985) (upholding jurisdiction over nonresident co-conspirator); *Ethanol Partners v. Wiener, Zuckerbrot, et al.,* 635 F.Supp. 15, 17–18 (E.D.Pa.1985) (same).

Several examples illustrate the manner in which the courts apply the co-conspirator test. The defendant in *Bonavire,* one Boyden, entered the state of Virginia and therein defrauded the plaintiffs. Other defendants, none of whom had any discernable contact with Virginia, were part of this fraudulent scheme. The court, satisfied that the plaintiff had adduced sufficient evidence to demonstrate a conspiracy between Boyden and these other, non-resident defendants, concluded that jurisdiction was properly asserted over the non-residents. Similar reasoning informed *Ethanol Partners.* There, the plaintiff, in response to a non-resident defendant's mo-

tion to dismiss, came forward with an unchallenged affidavit reciting the in-state activities of this defendant's co-conspirators. The district court, dispensing with the "overt act" requirement seemingly endorsed in *Chrysler* and *Bonavire,* flatly stated:

> When co-conspirators have sufficient contacts with the forum, so that due process would not be violated, it is imputed against the "foreign" co-conspirators who allege that there is [sic] not sufficient contacts; co-conspirators are agents for each other.

*Ethanol Partners,* 635 F.Supp. at 18.

Applying these principles to the facts of the present case, the court concludes that jurisdiction is properly asserted over Secord pursuant to the co-conspirator theory. That theory first requires the court to find that jurisdiction is properly asserted over one of the "resident" defendants. *See Pesaplastic, C.A. v. Cincinnati Milacron Co.,* 750 F.2d 1516, 1521 (11th Cir.1985) (jurisdiction proper where assertion comports with requirements of state long-arm statute and due process clause). Here, SAT is a Florida corporation. Florida's long-arm statute expressly permits jurisdiction to be asserted over its corporations, *see* Fla.Stat.Ann. § 48.193(1)(a) (1984), and, for constitutional purposes, the mere fact of SAT's in-state incorporation constitutes "systematic and continuous" contacts between it and Florida. *See Helicopteros Nacionales de Columbia, S.A. v. Hall,* 466 U.S. 408, 414–15 n. 8 & 9, 104 S.Ct. 1868, 1872 n. 8 & 9, 80 L.Ed.2d 404 (1984) (general jurisdiction properly asserted where defendant's contacts are systematic and continuous); *Sea Lift, Inc. v. Refinadora Costarricense de Petroleo, S.A.,* 792 F.2d 989, 992 (11th Cir.1986) (same); *see generally International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945) (jurisdiction can be constitutionally asserted over a non-resident defendant if "minimum contacts" exist between the defendant and the forum, and if maintenance of the suit in the forum does not offend "traditional notions of fair play and substantial justice") (quoting *Milliken v.*

*Meyer,* 311 U.S. 457, 463, 61 S.Ct. 339, 342, 85 L.Ed. 278 (1940)). Because the assertion of jurisdiction over SAT violates neither state law nor the constitution, the first part of the co-conspirator test is passed.

 The second part of the test requires the court to find that a conspiracy existed, and that the resident and non-resident co-conspirators belonged to it. While a plaintiff cannot establish a conspiracy, for the purposes of a motion to dismiss, simply by repeating the allegations contained in the complaint, *Leasco Data Processing Equipment Corp. v. Maxwell,* 319 F.Supp. 1256 (S.D.N.Y.1970) (unsupported, contested allegations not sufficient), a plaintiff need not make a compelling factual showing in order to carry this burden. *See Mandelkorn v. Patrick,* 359 F.Supp. 692 (D.D.C. 1973) (describing difficulties of proof facing a conspiracy plaintiff). This court believes that a plaintiff, to carry the burden of establishing a conspiracy, must at least make out a colorable, factually supported claim of the conspiracy's existence. This the present plaintiffs have done. They have adduced the testimony that Secord himself gave before the House and Senate Select Subcommittees assigned to investigate the Contra resupply program. This testimony irrefutably establishes the existence of a covert plan to run supplies to Nicaragua. The testimony further establishes Secord's prominent role in the conspiracy. Secord does not now recant his prior testimony, and Secord does not deny SAT's participation in the plot. Accordingly, the plaintiffs have adequately demonstrated that a conspiracy existed, and that Secord, along with SAT, participated in it.

The last part of the test requires the court to find that an overt act in furtherance of the conspiracy was committed in the state seeking to assert jurisdiction. This part of the test is easily passed. Although the court also finds it highly likely that SAT's officers made some in-state operational decisions regarding the plot, it is not disputed that Secord himself came to Florida in July, 1985, to discuss the plot with North and others. Because an overt act has been committed in this state, jurisdiction may be asserted over defendant Secord. Accordingly, the motion to dismiss must be DENIED.

DONE AND ORDERED.